

February 16, 2026

Cameron Kamer
(914) 872-7278 (direct)
Cameron.Kamer@wilsonelser.com

**<u>VIA PACER</u>**

The Honorable Katherine Polk Failla
United Stated District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse, Courtroom 618
40 Foley Square
New York, NY 10007



        **Re:    Jimmy Williams Gore, Jr. v. David Banellis et al.**
                **Case No.: 1:2024cv03801**

Dear Hon. Katherine Polk Failla,

Defendants respectfully submit this letter in response to Plaintiff's February 16, 2026 request for a conference and for permission to conduct Plaintiff's continued deposition virtually. (ECF Doc. No. 38).

Federal Rule of Civil Procedure 30(b)(3) contemplates that depositions proceed in person unless otherwise stipulated by the parties or ordered by the Court. While defendants have previously agreed to conduct all prior deposition virtually, this does not constitute a blanket waiver or binding stipulation to do so. Here, given the fact that the continued deposition concerns plaintiff's recently performed lumbar fusion surgery and related damages claims. Defendants cannot agree to conduct this continued deposition virtually. Plaintiff's physical condition, mobility, affect, and overall presentation are central to Defendants' evaluation of the claimed lumbar fusion surgery and alleged ongoing limitations. A remote deposition would materially impair Defendants' ability to assess Plaintiff and would therefore prejudice Defendants' ability to defend this action.

Plaintiff's current application provides no good cause showing beyond plaintiff being "uncertain" when he will return to New York City. Notably, Plaintiff was able to appear in person in October 2025 for his lumbar fusion surgery and again on February 4, 2026 (twelve days ago) for an in-person postoperative appointment with his surgeon, Dr. Murray.

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Indiana • Kentucky
Las Vegas • London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco
Stamford • Virginia • Washington, DC • West Palm Beach • White Plains

**wilsonelser.com**

330217400v.1

**WILSON** ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

- 2 -

Further, plaintiff's application has not presented an undue hardship, as plaintiff's counsel failed to specify where in upstate New York he is located. Plaintiff's counsel advised Defendants at 11:40 a.m. today—on the eve of the scheduled February 17, 2026, continued deposition—that Plaintiff was in an unspecified location in upstate New York visiting family and would not be able to appear in person.

Any subsequent attempt by plaintiff to show an alleged good cause showing and/or undue hardship will be met with further objections.

Defendants remain ready, willing, and able to proceed with Plaintiff's continued deposition in person at a mutually agreeable date in the immediate future. Defendants respectfully request that the Court deny Plaintiff's request for a virtual deposition and direct that the continued deposition proceed in person.

We thank the Court for its time and consideration.

Respectfully Submitted,

By: _____
Cameron F. Kamer, Esq.
WILSON ELSER MOSKOWITZ EDELMAN
& DICKER, LLP
*Attorneys for Defendants*
**ROAD SCHOLAR TRANSPORTATION,
LLC and DAVID BANELLIS**
1133 Westchester Ave
White Plains, New York 10604
(914) 323-7000

The Court has received Plaintiff's request for a discovery conference regarding his request to conduct his deposition remotely (Dkt. #36), as well as Defendants' above-response.

The Court does not believe that a conference is necessary to resolve this matter.  Plaintiff seeks a remote deposition because he is "in Upstate New York[ ] visiting family" and "is not currently certain when he will return to New York City." That is not a compelling reason, and given Defendants' representation that "Plaintiff's physical condition, mobility, affect, and overall presentation are central to Defendants' evaluation of the claimed lumbar fusion surgery and alleged ongoing limitations," the Court DENIES Plaintiff's request and directs the parties to conduct his deposition in person by the extended discovery deadline.  The Court reminds the parties that absent compelling circumstances, it will not grant another discovery extension.

The Clerk of Court is directed to terminate the pending motion at docket entry 36.

Dated:    February 17, 2026          SO ORDERED.
          New York, New York


                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE