WILSON ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

October 29, 2026

Christin Brown
(914) 872 - 7158 (direct)
Christin.Brown@wilsonelser.com

**VIA PACER**

The Honorable Katherine Polk Failla
United Stated District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse, Courtroom 618
40 Foley Square
New York, NY 10007

**Re: Jimmy Williams Gore, Jr. v. David Banellis et al.**
**Case No.: 1:2024-cv-03801**

Dear Hon. Katherine Polk Failla,

We represent Defendants David Banellis and Road Scholar Transportation, LLC ("Defendants") in the above-referenced matter. Pursuant to Your Honor's Individual Rules, we write in opposition to Plaintiff's October 29, 2026, letter (ECF No. 63), seeking leave to move to reopen expert discovery and for sanctions under Rules 26 and 37. Defendants respectfully submit that neither request is warranted. This request was met without any good faith effort to obtain consent from defendants as required by your Honor's part rules.

**1. Plaintiff Identifies No Expert and No Basis for Reopening Expert Discovery.**

Discovery closed months ago. Plaintiff served his sole expert disclosure on March 17, 2026, identifying orthopedic spine surgeon Michael T. Murray, M.D. Defendants served their expert disclosure on March 20, 2026, identifying biomechanist Ahlad Neti, Ph.D., along with Dr. Nicholas Post, M.D. Plaintiff never identified any additional experts.

Under Rule 16(b)(4), modification of a scheduling order requires good cause, which principally depends upon the moving party's diligence. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (identifying diligence as the primary consideration and prejudice as an additional relevant factor). Here, <u>Plaintiff identifies no proposed expert, field of expertise, or anticipated opinion that would justify</u>

reopening discovery. Rather, he seeks an additional 90 days to retain or supplement experts based solely upon the disclosure of additional insurance coverage. However, **the existence or amount of available coverage has no bearing on liability, medical causation, or the nature and extent of Plaintiff's injuries.** Those issues, and the underlying medical records, remain unchanged.

Indeed, Plaintiff's explanation that the additional coverage altered his "assessment of expert expenditures" reflects a litigation funding decision, not good cause. Plaintiff had every opportunity to retain whatever experts he deemed necessary during the discovery period.

The Second Circuit has affirmed the denial of a belated request to introduce unidentified medical expert testimony after discovery closed. *Grabin v. Marymount Manhattan College*, 659 F. App'x 7, 10–11 (2d Cir. 2016) (summary order) (affirming denial where plaintiff failed to identify the proposed expert or establish the anticipated testimony, and where reopening discovery would prejudice the defendant). Here, Plaintiff similarly identifies no proposed expert or anticipated opinion and offers only a reassessment of litigation expenditures as justification for reopening discovery.

Moreover, Plaintiff failed to produce Dr. Murray for his properly noticed and subpoenaed deposition on March 30, 2026, or plaintiff's treating provider who recommended the fusion surgery Dr. Arutyunyan on March 31, 2026. Plaintiff has never offered alternative dates or sought to cure those failures. Defendants' motion to exclude their testimony remains fully briefed and pending before the Court. Reopening discovery now would effectively permit Plaintiff to circumvent that motion and rebuild his expert case after the applicable deadlines.

**2. Plaintiff Ignores the Governing Prejudice Standard, and Every Factor Weighs Against Relief.**

In determining whether to preclude evidence under Rule 37(c)(1), courts consider the explanation for the disclosure failure, the importance of the evidence, the prejudice caused by requiring the opposing party to meet the new evidence, and the possibility of a continuance. *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006).

Here, Plaintiff identifies no actual prejudice arising from the additional coverage disclosure. The information does not alter any substantive evidence, anticipated testimony, or expert opinion. Plaintiff does not identify any discovery he was unable to pursue or any litigation position that would have differed had the coverage been disclosed earlier.

Importantly, Defendants voluntarily raised the additional coverage during mediation, **paid the full cost of two separate mediation sessions in an effort to resolve this matter**, promptly advised the Court of the development on October 1, 2026 (ECF No. 58), and participated in the October 15, 2026 settlement conference with full authority. These efforts demonstrate good faith, not concealment or misconduct.

Conversely, reopening expert discovery would substantially prejudice Defendants, who have already completed expert discovery, fully briefed their pending *Daubert* motion, and incurred significant expenses pursuing settlement. Plaintiff's proposed 90-day extension would require additional expert preparation, depositions, and potentially further motion practice, without any demonstrated necessity.

Moreover, the additional coverage was discovered during and immediately disclosed by Defendants during mediation, consistent with their continuing duty to supplement disclosures under Fed. R. Civ. P. 26(e). Upon identifying the additional coverage during mediation, Defendants promptly disclosed the information and thereafter advised the Court of the development on October 1, 2026 (ECF No. 58). The timing and circumstances of the disclosure further demonstrate Defendants' good faith and undermine any suggestion of deliberate concealment or sanctionable conduct.

**3. Plaintiff's Position Is Inconsistent With His Own Prior Conduct.**

Plaintiff's current position is hard to reconcile with what he told the Court four weeks ago. On October 1, 2026, Defendants asked for a brief adjournment of the October 15 settlement conference so the parties could absorb the coverage information and continue mediating (ECF No. 58). Plaintiff opposed even that modest request. He argued that the Court "should not grant any such courtesy to Defendants," and he expressly represented that he was "not presently moving for or requesting any such sanctions at this time" (ECF No. 59). The parties then mediated again and attended the settlement conference as scheduled. **Plaintiff cannot oppose a short adjournment on the ground that the case must move forward, and then, once settlement efforts did not produce the result he wanted, demand the far more disruptive step of reopening expert discovery**. Nothing changed between October 2 and October 29 except the outcome of those settlement efforts. The timing of Plaintiff's letter, filed after mediation and the settlement conference rather than when he first learned of the coverage, suggests that the requested relief is meant to gain settlement leverage, not to remedy any litigation prejudice.

**Conclusion**

For these reasons, Defendants respectfully ask the Court to deny Plaintiff's request for leave to move to reopen expert discovery and for sanctions. If the Court is inclined to hold a pre-motion conference, Defendants ask that Plaintiff first be required to identify, in writing, any proposed expert, that expert's field, and the specific opinion that the additional coverage supposedly made necessary. Defendants further expressly reserve their right to make a separate application for any necessary motion practice to the extent discovery is reopened.

We thank the Court for its attention to this matter.

Respectfully submitted,

By: _______Christin Brown___________
Christin M. Brown, Esq.
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
*Attorneys for Defendants*
**ROAD SCHOLAR TRANSPORTATION, LLC and DAVID BANELLIS**
1133 Westchester Ave
White Plains, New York 10604
(914) 323-7000