Zabokritsky Law Group P.C.
Our Clients Needs Are Our Highest Priority

251 Northern Boulevard
Great Neck, NY 11021

www.ZabokritskyLawGroup.com
Toll Free: (888) 527-INJURED

Tel: (718) 366-2301
Fax: (718) 366-2302
E-Mail: Contact@TheSupremeLaw.com

October 30, 2026

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

RE: Gore Jr. v. Banellis, et al.
Case No.: 1:24-cv-03801-KPF

Dear Honorable Judge Polk Failla:

Plaintiff submits this letter in reply to Defendants' opposition letter dated October 29, 2026. Plaintiff intended to reserve the exact expert, field of expertise, and anticipated opinion for Plaintiff's motion if leave was granted, however, Plaintiff has no issue providing those details here for Defendants' satisfaction.

Plaintiff intends to retain and exchange Dr. Vicki Seidenberg, M.D., as a Certified Life Care Planner in an effort to address current and future medical/rehabilitation needs regarding the injuries Plaintiff sustained on November 16, 2023.

Defendants state that "…the existence or amount of available coverage has no bearing on liability, medical causation, or the nature and extent of Plaintiff's injuries." Thereafter, Defendants claim that "…Plaintiff's explanation that the additional coverage altered his 'assessment of expert expenditures' reflects a litigation funding decision, not good cause.'" Plaintiff would like to point Defendants to the Advisory Committee Notes on Rule 26 of the Federal Rules of Civil Procedure, which states, in part, the following:

> "Disclosure of insurance coverage will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and **litigation strategy are based on knowledge and not speculation**."

It is also quite concerning that Defendants state that they "**voluntarily**" raised the additional coverage during mediation. The disclosure and exchange of applicable insurance coverage is **required** by Rule 26 initial disclosures, however, Defendants treat the disclosure of the additional $1,000,000 as some sort of favor upon Plaintiff. Plaintiff respectfully disagrees with this notion. **Nowhere in Defendants' opposition do Defendants even attempt to explain why the additional coverage was not disclosed as required by Rule 26 in their initial disclosures, and Defendants do not contend that this disclosure was required approximately two (2) years**

251 Northern Boulevard
Great Neck, NY 11021
www.ZabokritskyLawGroup.com
Toll Free: (888) 527-INJURED
Tel: (718) 366-2301
Fax: (718) 366-2302
E-Mail: Contact@TheSupremeLaw.com

ago. As such, it is quite novel that Defendants claim that Plaintiff has not suffered any prejudice after Defendants disclosed the additional coverage several months after the close of discovery.

Plaintiff does not necessarily contend that the additional coverage materially affects liability or the treatment Plaintiff underwent. Instead, Plaintiff respectfully argues that if Defendants informed Plaintiff that the available insurance coverage was $2,000,000, instead of $1,000,000 which Plaintiff was led on to believe prior to the close of discovery, Plaintiff would have certainly made several material changes to his litigation strategy. For Defendants to think otherwise would be quite obtuse.

Plaintiff also agrees that if Defendants had exchanged or supplemented the correct amount in available insurance coverage while discovery was still open, Plaintiff would not have suffered any prejudice in that case. However, and in essence, Plaintiff is requesting that this Court rectify the fact that Defendants "voluntarily" disclosed additional coverage after the close of discovery several months ago.

Defendants should not be allowed to disclose an additional million dollars in coverage after the close of discovery, and then simultaneously state that Plaintiff did not suffer any prejudice by this incredibly late disclosure. **Defendants, in their opposition, are telling this Court that they can "voluntarily" disclose a required disclosure years after it is due, and then, in the same breath, tell Plaintiff "well, tough luck**."

In terms of Defendants' speculation as to timeline – Plaintiff filed this letter motion within thirty (30) days of the mediation in which Defendants disclosed the actual insurance coverage available. It took Defendants almost two (2) years. I leave to the Court to decide which conduct is more reasonable.

Plaintiff again respectfully requests a conference so Defendants may have an opportunity to explain, and grant Plaintiff's request for leave to file a motion for a limited re-opening of expert discovery and for sanctions.

I thank Your Honor for her time and attention to this matter.

Respectfully submitted,

Awn Abrar, Esq.

The Court is in receipt of Plaintiff's letter motion to reopen discovery and for leave to seek sanctions (Dkt. #63), Defendants' opposition (Dkt. #64), and Plaintiff's reply (Dkt. #65). Before ruling on Plaintiff's motion, the Court requires additional information regarding the circumstances of Defendants' purportedly belated disclosure of an additional insurance policy covering $1,000,000 in liability.

On or before **November 9, 2026**, Defendants shall file a declaration, not to exceed five pages, addressing the following questions:

- When did the additional coverage policy at issue first come into effect?
- When, exactly, did Defendants first learn of the existence of the additional coverage policy?
- When, exactly, did Defendants' counsel first learn of the existence of the additional coverage policy?
- At the commencement of this litigation, what searches did Defendants and Defendants' counsel perform for insurance coverage policies that may be applicable to this action?

Dated: October 30, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE