UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIMMY WILLIAMS GORE, JR.,<br><br>Plaintiff,<br><br>-v.-<br><br>DAVID BANELLIS and ROAD SCHOLAR TRANSPORTATION, LLC,<br><br>Defendants. | 24 Civ. 3801 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of Plaintiff's letter motion to reopen discovery and for leave to seek sanctions (the "Letter Motion" (Dkt. #63)), Defendants' opposition (Dkt. #64), Plaintiff's reply (Dkt. #65), and the Affirmation of Jeff Walsh and Christin Brown in opposition to the Letter Motion (Dkt. #67). In particular, Plaintiff moves for (i) leave under Federal Rules of Civil Procedure 26 and 37 to pursue sanctions against Defendants for their failure to timely disclose the existence of a $1 million additional insurance policy, and (ii) a conference to discuss the reopening of discovery in order to allow Plaintiff additional time to retain an expert witness. After careful consideration, the Court denies Plaintiff's application for relief.

To begin, the Court finds no basis to grant leave for Plaintiff to pursue sanctions under Rule 37. "[W]here, as here, voluminous productions are exchanged, subsequent disclosure of inadvertently withheld documents is inevitable and not a basis for sanctions." *See Vinci Brands LLC* v. *Coach Servs. Inc.*, No. 23 Civ. 5138 (LGS) (VF), 2025 WL 2443620, at *8 (S.D.N.Y. Aug. 25, 2025) (declining to impose Rule 37 sanctions absent a showing of bad faith).

To be sure, Defendants' counsel would have done better to conduct a more thorough search of the case file when they inherited the matter in October 2024. Nonetheless, based on Defendants' counsel's representations, the Court finds that Defendants' failure-to-disclose amounted at most to negligence, rather than bad faith. (Dkt. #67).

Nor does the Court find a basis for imposing Rule 26 sanctions. "A court considering sanctions under Rule 26(g)(3) must decide if the attorney conducted his investigation in a reasonable manner given the circumstances of the particular case before certifying a discovery response." *Jones* v. *Abel*, No. 25 Civ. 779 (LJL), 2026 WL 3333985, at *15 (S.D.N.Y. Nov. 3, 2026) (alteration adopted, internal quotation marks omitted) (quoting *Singh* v. *Lintech Elec., Inc.*, No. 18 Civ. 5780 (FB) (LB), 2021 WL 3914478, at *5 (E.D.N.Y. July 20, 2021), *report and recommendation adopted*, 2021 WL 3912416 (E.D.N.Y. Sept. 1, 2021).

Here, it was not unreasonable for Defendants' counsel to believe that all relevant coverage discovery had been exchanged by October 2025, based on (i) the March 20, 2025 email from Road Scholar, and (ii) the August 2024 joint status letter filed by prior counsel, representing that preliminary discovery had already been exchanged. (Dkt. #67). Taken in total, the "circumstances of the particular case" suggested that the only relevant insurance policy in effect was the $1 million primary insurance policy. *Jones*, 2026 WL 3333985, at *15.

Finally, Plaintiff's request for a conference is DENIED. "In deciding whether to reopen discovery, courts consider whether good cause exists." *Bakalar* v. *Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011) (citing *Gray* v. *Town of Darien*, 927 F.2d 69 (2d Cir. 1991)). The Court finds no good cause for reopening discovery. Plaintiff was aware at the earliest stages of litigation that at least $1 million in insurance coverage was available. Neither party has suggested that $1 million in coverage would have been insufficient for Plaintiff to retain a Certified Life Care Planner. Plaintiff "made the strategic decision not to [consult a Certified Life Care Planner] expert," and the Court will not "reopen discovery to cure that decision after the close of discovery." *Wilson-Wolf* v. *Tesla Vehicles*, No. 22 Civ. 10066 (NSR), 2026 WL 84499, at *7 (S.D.N.Y. Jan. 12, 2026).

The Clerk of Court is directed to terminate the motion at docket entry 63.

SO ORDERED.

Dated: November 13, 2026
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge